[No. A036200. First Dist., Div. Five. July 15, 1988.]

VERNON CHONG, Plaintiff and Appellant, v.
FREMONT INDEMNITY COMPANY, Defendant and Appellant.

## Counsel

Draper B. Gregory for Plaintiff and Appellant.

Roy M. Brisbois, Mary G. Whitaker and Lewis, D'Amato, Brisbois & Bisgaard for Defendant and Appellant.

## Opinion

**HANING, J.**—In this appeal we conclude that Public Utilities Code section 3631, which requires regulated highway carriers to provide liability protection, does not require vehicle liability policies to cover work-related injuries sustained by the vehicle owner's employees.

Vernon Chong (hereafter appellant) appeals a summary judgment holding that Fremont Indemnity Company (hereafter respondent), as liability insurer of appellant's employer's truck, had no duty to provide coverage to the employer for bodily injuries sustained by appellant in a work-related accident. Appellant contends the vehicle liability policy issued by respondent, which excluded coverage for injuries to the insured's employees arising in the course of employment, violated Public Utilities Code section

3631. We disagree and affirm. We also dismiss respondent's cross-appeal from a sanction order as untimely.

This coverage dispute arises out of an accident occurring when a vehicle owned by appellant's employer, Leonard Piazza, doing business as Piazza Trucking Company (hereafter Piazza), and operated by appellant, went out of control on Highway 5 near Coalinga and crashed into a ravine. As a consequence, appellant was severely injured. Piazza had no workers' compensation insurance, nor was he permissibly self-insured for appellant's work-related injuries. However, at the time of the accident, appellant was pulling a set of trailers owned by Santa Clara Transfer Service. Santa Clara Transfer Service was found to be appellant's "special employer" at the time of his accident and was held liable for workers' compensation benefits. In workers' compensation proceedings appellant was found to have been injured within the course and scope of his employment and awarded maximum benefits.

Appellant also filed suit in Fresno County Superior Court against Piazza, seeking damages for his injuries. In his complaint appellant alleged that he was injured in the course and scope of his employment; the accident proximately resulted from Piazza's negligence; and Piazza had failed to obtain workers' compensation protection for his employees as required by law.[1]

The vehicle involved was insured under a "Truckmen's Insurance Policy" issued by respondent. Piazza asked respondent to undertake the defense of appellant's action, but respondent claimed the accident was specifically excluded from coverage under the policy. Ultimately, a default judgment was entered against Piazza in the amount of $2,062,468.70. Piazza assigned his rights "arising by virtue of any violation or breach of duty or obligation" owed under the policy to appellant. Thereafter, appellant filed the instant action claiming damages as a result of respondent's refusal to acknowledge its liability under the policy.

Each party moved for summary judgment. It was respondent's position that the express terms of the policy excluded coverage for appellant's accident. Respondent principally relied on a provision stating: "This insurance does not apply: . . . [¶] (b) to any obligation for which the insured or any carrier as his insurer may be held liable under any workers' compensation, unemployment compensation or disability benefits law, or under any similar law; [¶] (c) to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured or to any obligation of the insured to indemnify another because of damages

---

[1] Labor Code section 3706 provides: "If any employer fails to secure the payment of compensation, any injured employee or his dependents may bring an action at law against such employer for damages, as if this division did not apply."

arising out of such injury . . . ." The trial court agreed that respondent's policy did not afford liability coverage for appellant's accident and granted summary judgment for respondent.

██ A motion for summary judgment is properly granted if "all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).) Where, as here, no evidence was presented in aid of the insurance policy's language, the construction of that language is purely a matter of law. (*Employers Cas. Ins. Co.* v. *Foust* (1972) 29 Cal.App.3d 382, 385 [105 Cal.Rptr. 505].)

██ The above-quoted provision of the policy is plain, conspicuous and clear. It expressly provides the insurer shall afford no liability coverage for injuries sustained by an employee of the insured arising out of the employment relationship. Appellant retorts that even if the policy excludes coverage for his injuries, such coverage must be afforded as a matter of law. "Where insurance coverage is required by law, the statutory provisions are incorporated into the insurance contract. 'The obligations of such a policy are measured and defined by the pertinent statute, and the two together form the insurance contract. . . . Any provisions of such a policy which are in conflict with the pertinent statutes are nullified and superseded to that extent . . . .' [Citations.]" (*Samson* v. *Transamerica Ins. Co.* (1981) 30 Cal.3d 220, 231 [178 Cal.Rptr. 343, 636 P.2d 32].) Specifically, appellant contends that notwithstanding the express language of the policy excluding coverage for work-related injuries, coverage must be extended by virtue of a mandatory protection requirement imposed by the Public Utilities Code, and a Public Utilities Commission (PUC) endorsement attached to respondent's policy.

Attached to the policy at issue was a preprinted "Standard Form of Endorsement . . ." prepared by the PUC which indicated it was issued to "assure compliance" by the insured with "the pertinent rules and regulations of the Public Utilities Commission of the State of California." The endorsement stated the insurance company agreed "that no condition, provision, stipulation, or limitation contained in the policy . . . shall relieve the Company from liability" to pay any final judgment rendered against the insured. Appellant isolates this language and analyzes it in a vacuum, ignoring another provision appearing earlier in the PUC endorsement which states: "In consideration of the premium stated in the policy to which this endorsement is attached, the Company hereby agrees to pay . . . any final judgment rendered against the insured for bodily injury to or death of any person . . . (*excluding injury to or death of the insured's employees while engaged in the course of their employment . . .*) resulting from the opera-

tion, maintenance or use of motor vehicles" for which a PUC permit is required. (Italics added.) This provision clearly provides that respondent is not required by the PUC endorsement to provide coverage for appellant's work-related injuries.

Appellant argues that the language contained in the PUC endorsement excluding coverage for injuries arising in the course of employment goes beyond the authority granted by its enabling statute and is of no force or effect. In support of his argument he cites the statutory requirement in Public Utilities Code section 3631 requiring all licensed highway carriers to provide accident liability protection.

Public Utilities Code section 3631 states, in relevant part: "The commission shall, in granting permits pursuant to this chapter, require the highway carrier to procure, and continue in effect during the life of the permit, adequate protection, as provided in Section 3632, against liability imposed by law upon the highway carrier for the payment of damages for personal bodily injuries, including death resulting therefrom, . . . and protection . . . for one accident resulting in damage or destruction of property whether the property of one, or more than one claimant."

This statute requires highway carriers to provide adequate protection against liability for personal injuries and property damage as a condition of securing a permit, and establishes minimum monetary limits of such protection. Appellant claims that the statutory phrase "against liability imposed by law" includes the highway carrier's liability to its employees for injuries sustained within the course and scope of employment. Therefore, he argues, the exclusion contained in the PUC endorsement for work-related injuries is contrary to law and void.

■ A fundamental rule of statutory construction is to ascertain the intent of the Legislature, based on an examination of the legislative history and the statutory context of the enactment under scrutiny so as to effectuate the purpose of the law. (*Sand* v. *Superior Court* (1983) 34 Cal.3d 567, 570 [194 Cal.Rptr. 480, 668 P.2d 787]; see also, *Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230-231 [110 Cal.Rptr. 144, 514 P.2d 1224].)

■ The requirement that highway carriers obtain insurance against liability for personal injury and property damage was first added to the Public Utilities Code in 1935. (Stats. 1935, ch. 223, § 5, p. 880.) The purpose of the insurance requirement is " 'to protect the public against reckless operation of such vehicles by financially irresponsible owners, and to provide a means of recovery for those injured in their person or property by

such operation.' " (*Argonaut Ins. Co.* v. *Transport Indem. Co.* (1972) 6 Cal.3d 496, 504 [99 Cal. Rptr. 617, 492 P.2d 673].) In *Samson* v. *Transamerica Ins. Co., supra,* 30 Cal.3d 220, the Supreme Court reasoned that the ultimate purpose of carrier regulation was " 'the protection of the public against ruinous carrier competition and such possible attendant evils as improperly maintained equipment, inadequate insurance, and poor service.' " (*Id.,* at p. 233.)

In the present case, appellant was not an unprotected member of the general public, but instead was an employee entitled to, and a recipient of, workers' compensation benefits. As we indicated, the insurance requirement serves the goal of protecting the public against uncompensated personal injuries and property damage. This goal would not be served by affording additional remedies to the carrier's employees for injuries sustained in the course of employment, which are governed by a separate comprehensive statutory scheme (Lab. Code, § 3200 et seq.), and we conclude that Public Utilities Code section 3631 cannot reasonably be construed as a requirement that such additional protection be provided. In addition, insurance requirements for highway carriers are regulated by the PUC. (*Home Indemnity Co.* v. *King* (1983) 34 Cal.3d 803, 810-811 [195 Cal. Rptr. 686, 670 P.2d 340]). Public Utilities Code section 3632 provides that insurance policies issued pursuant to section 3631 must be approved by the PUC, and the endorsement involved herein was prepared and approved by the PUC.

In summary, coverage for appellant's accident was excluded by the clear and unambiguous language of the policy; the employee exclusion contained in the PUC endorsement was not precluded by Public Utilities Code section 3631; and respondent was under no duty to defend or pay appellant's judgment against his employer in an action filed under Labor Code section 3706. As the trial court correctly ruled, there were no triable issues of fact and respondent was entitled to summary judgment as a matter of law.

Respondent has filed a cross-appeal from a discovery ruling which awarded attorney fees of $500 by way of sanctions under Code of Civil Procedure section 128.5. ■ An order imposing sanctions on a party's attorney is immediately appealable as a final order on a collateral matter directing the payment of money. (*Mungo* v. *UTA French Airlines* (1985) 166 Cal.App.3d 327, 330, fn. 1 [212 Cal.Rptr. 369]; *M.E. Gray Co.* v. *Gray* (1985) 163 Cal.App.3d 1025, 1032, fn. 5 [210 Cal.Rptr. 285]; *Ellis* v. *Roshei Corp.* (1983) 143 Cal.App.3d 642, 645, fn. 3 [192 Cal. Rptr. 57].) In this case, the order imposing sanctions was entered on June 23, 1986, and the 60-day limit within which to appeal started to run from this date. Respondent waited until September 10, 1986, after determination of the main issues in the action, to finally appeal this order. Respondent did not take an appeal

from this order within the 60-day limit, and we must dismiss its cross-appeal for lack of jurisdiction. (See Cal. Rules of Court, rules 2(a), 2(b)(2); Code Civ. Proc., § 906.)

The judgment is affirmed. Respondent's cross-appeal is dismissed.

Low, P. J., and King, J., concurred.

The petition of plaintiff and appellant for review by the Supreme Court was denied September 29, 1988.