Opinion
 

 CROSKEY, J.
 

 The respondents, Reverend Tad Imuta et al. (respondents), move to dismiss the appeal filed on April 25, 1991, by Richard I. Fine, Esq. (Fine), from 10 described orders of the trial court imposing monetary
 
 *990
 
 sanctions which were made in 1989 and 1990. To the extent that such orders were appealable when imposed, respondents’ motion is well taken as the notice of appeal was filed too late; as to those orders which were nonappealable and not reviewable except on an appeal from the final judgment in the main action, the notice of appeal, although inartfully stated, is timely. Fine is a “party aggrieved” within the meaning of Code of Civil Procedure section 902
 
 [1]
 
 and is entitled to prosecute his own separate appeal from such final judgment. Therefore, the motion will be granted in part and denied in part.
 

 Until April of 1991, Fine acted as counsel in this matter for the defendants, cross-complainant Masaki and the third party plaintiffs Nagai, Kamiya, Maekawa, Reinig and Turner (who, for convenience, shall herein be collectively described as the appellants).
 
 [2]
 
 He no longer is counsel for appellants and is asserting a separate appellate claim in his own individual capacity.
 

 Essential to our decision is the distinction which must be made between appealable orders which may be reviewed by an immediate appeal and nonappealable orders which may be reviewed only on an appeal from a final judgment in the main action.
 
 [3]
 
 Also important to our decision will be the recent statutory changes which make a distinction between sanctions imposed prior to January 1, 1990, and those imposed thereafter.
 

 
 *991
 
 Prior to the legislative amendments to section 904.1 which were effective on January 1, 1990, the “collateral order doctrine” determined which sanction orders were immediately appealable and which were reviewable only on appeal from the final judgment in the main action. After that date, a monetary threshold was imposed on the application of that doctrine which restricted its applicability and thus reduced the number of appeals which might otherwise have been proper. Because of this important statutory change, and the fact that several of the subject sanction orders arose out of discovery proceedings and were nonappealable when made, we will deny respondents’ motion to dismiss as to a number of the orders described in Fine’s notice of appeal. As to the balance, the motion will be granted.
 

 Description of the Sanctions Imposed
 

 The several sanction orders which are the subject of Fine’s appeal were all imposed by the Honorable Philip M. Saeta for certain acts or omissions allegedly committed by Fine and/or one or more of the appellants. These sanction orders were made on the following dates and for the amounts and reasons stated below.
 
 [4]
 

 1.
 
 January 23,
 
 1989: Appellants made an unsuccessful motion to compel production of documents. Sanctions in the amount of $1,200 were awarded against both appellants and Fine on the stated grounds that the motion was untimely (§ 2031, subd. (a)(1)) and made without a good faith effort to meet and confer.
 

 2.
 
 June 8, 1989:
 
 Appellants made an unsuccessful motion for judgment on the pleadings. The court found the motion to be frivolous and awarded sanctions in the amount of $1,950 against Fine and appellants. The award was based upon section 128.5.
 

 3.
 
 October 17, 1989:
 
 Respondents made a motion for a protective order with respect to the marking of certain documents. The court found that Fine and appellants had failed to abide by a stipulated agreement concerning the production and marking of approximately 30,000 documents. Sanctions in the amount of $2,000 were awarded against both. The court did not cite a specific authority for the imposition of this sanction, but it appears from the context of the motion and the comments of the trial court at the hearing, that the award was based upon sections 2023 and 2031, subdivision (e).
 
 [5]
 

 
 *992
 
 4.
 
 October 25, 1989:
 
 Appellants’ demurrer to the third amended complaint was heard and decided on this date. Sanctions in the amount of $1,000 were awarded against Fine and appellants for a wilful violation of a previous court order limiting supporting points and authorities to 25 pages. This award was made payable to the clerk of the court pursuant to section 177.5.
 

 5.
 
 November 29,
 
 1989: Fine, on behalf of appellants, made a number of motions which were heard and decided on this date: (1) to compel deponents’ attendance and testimony, and for sanctions; (2) to take the deposition of Ajiki for a second day; (3) to stay the depositions of Messrs. Nakano, Shimbo, Saito and Hirata; and to quash deposition notice dated November 2, 1989, and for sanctions; (4) to appoint referee for depositions in Japan; (5) for an order of commission for out-of-state depositions; (6) to take a subsequent deposition of Yashushi Matsumoto and Hayashi Nakai; (7) for a protective order re depositions of Messrs. Masaki, Shigaki, Hiroshima and Nagai, and for Sanctions; (8) for a protective order re depositions of Messrs. Nakano, Shimbo, Saito and Hirata, and for sanctions.
 

 The trial court denied
 
 each
 
 of these motions, including the requests for sanctions. It then ordered that Fine and appellants pay a total of $5,000 to respondents’ counsel. The court cited, as authority for its order, sections “2023 and 2025 and 128.5.” However, the order did not describe any reason for the sanctions other than stating that the motions, all of which related to pretrial discovery matters, “are denied on the merits.”
 
 [6]
 

 6.
 
 May 9, 1990:
 
 Pursuant to the motion of respondent SKK, the court found Fine in contempt. The court imposed a penalty in the amount of $1,000. The trial court’s stated basis for the contempt finding was Fine’s
 
 *993
 
 request for the dismissal of a party whom he did not represent “in violation of existing court orders and perpetrating a fraud on the court.” The court relied upon section 1209, subdivisions (a)5 and (a)8.
 
 [7]
 

 7.
 
 July 16,
 
 1990: Fine filed a supplemental declaration in opposition to the motion of cross-defendants and third party defendants Imuta and Ajiki for summary adjudication of certain issues. As a result, Fine was sanctioned the sum of $750 for filing, in violation of an existing court order, a “25-page document called a ‘Supplemental Declaration’ . . . without permission of the court and long after the papers on this motion [for summary adjudication] were due and it is in effect points and authorities and argument.” The court relied upon section 177.5.
 

 8.
 
 July 20, 1990:
 
 On behalf of appellants, Fine filed a motion to compel certain of the respondents to appear at trial and there produce certain documents. The court found this motion to be without substantial justification as earlier requests to require the production of these same documents had been denied. Sanctions in the amount of $3,000, were awarded against Fine (and his cocounsel). The authority cited by the trial court for the imposition of these sanctions was section 1987.2.
 
 [8]
 

 9.
 
 July 20, 1990:
 
 On this date, the court also heard a separate motion filed by Fine on behalf of appellants to compel the custodians of record of two respondent entities to appear and produce at trial certain documents. Sanctions in the amount of $750 were awarded against Fine (and his cocounsel) for the making of this motion as well. Again, documents were sought to be produced at trial the earlier production of which had been denied. This sanction was also imposed under the authority of section 1987.2. As it was separately ordered in response to a different motion, Fine asks us to treat this sanction as separate from the one described in paragraph 8,
 
 supra.
 

 
 *994
 
 10.
 
 November 29, 1990:
 

 a. On this date, the court determined that Fine had, without good cause, ignored the order of August 29, 1990 re “Instructions Concerning Instructions.” Sanctions in the amount of $500 were awarded against him pursuant to the authority of section 177.5.
 

 b. For his refusal to remove certain former clients from several motions, two of which were found to be frivolous and in bad faith, sanctions in the amount of $660 were awarded against Fine (and his cocounsel) pursuant to section 128.5.
 

 c. Fine filed, on behalf of appellants, a motion for a nonsuit and a motion
 
 in limine
 
 to exclude certain documents. Such motions were rejected by the court on the ground that they were frivolous. Sanctions in the amount of $500 were awarded against Fine (and his cocounsel). The award was made pursuant to section 128.5.
 

 Contentions of the Parties
 

 Respondents assert that Fine’s appeal should be dismissed on the ground that each of the sanction orders described in his notice of appeal were immediately appealable when imposed and his notice of appeal, not filed until April 25, 1991, was not timely. Fine, on the other hand, claims that he was entitled to await a final judgment in the main action before noticing his separate appeal. He therefore contends that his notice of appeal was filed within the time required.
 

 Discussion
 

 1.
 
 The Time Limits for Noticing an Appeal as to Any Orders Which Were Immediately Appealable
 

 Admittedly, Fine did not file his notice of appeal as to any of these sanction orders until April 25, 1991. To the extent that any of these orders were appealable, when rendered, i.e., susceptible to an independent appeal, the time for filing a notice of appeal from them would have expired no later than 180 days after the date of entry of such orders. (Cal. Rules of Court, rule 2(a).)
 
 [9]
 

 
 *995
 
 Thus, with the exception of the November 29,1990, orders, as of April 25, 1991, the time to notice an appeal as to any of these sanction orders,
 
 if they were appealable
 
 orders, had expired. However, to the extent that any of them were nonappealable, and hence not reviewable except on appeal from the final judgment in the main action, a notice of appeal filed on April 25, 1991, would be timely. With respect to the order of November 29, 1990, it is clear from the record before us that a copy of the order was sent to Fine by the clerk on that date.
 
 [10]
 
 The 60-day notice period set out in California Rules of Court, rule 2(a) therefore applies.
 
 [11]
 

 As respondents seek to dismiss Fine’s appeal as to each and all of these sanction orders we need to determine which, if any, of the orders was appealable. This inquiry will necessarily involve us in a consideration of the impact on the question of appealability of (1) sanction orders which are made in the course of discovery proceedings and those which are not, (2) sanction orders imposed against an attorney alone or jointly with his clients, (3) sanction orders imposed prior to January 1, 1990, and those imposed on or after that date and (4) sanction orders which are $750 or less and orders imposing sanctions in excess of that sum. Interestingly, we have examples of all of these circumstances presented by this case.
 

 
 *996
 
 2.
 
 Appealability of the Orders Made Prior to January 1, 1990
 

 Prior to the amendments to section 904.1 which became effective January 1, 1990, the issue of the independent appealability of monetary sanction orders was fairly well settled.
 

 The general rule, of course, is that an appeal may be taken only from a final judgment in the action. This rule is codified in section 904.1.
 
 (Kibrej
 
 v.
 
 Fisher
 
 (1983) 148 Cal.App.3d 1113, 1115 [196 Cal.Rptr. 454].) “The theory behind the rule is that piecemeal disposition and multiple appeals in a single action are oppressive and costly, and review of intermediate rulings should await the final disposition of the case. [Citation.]”
 
 (Ibid.)
 
 However, case law has developed an exception to this rule, the so-called “collateral order doctrine.”
 

 “When a court renders an interlocutory order collateral to the main issue, dispositive of the rights of the parties in relation to the collateral matter, and directing payment of money or performance of an act, direct appeal may be taken. [Citations.] This constitutes a necessary exception to the one final judgment rule.
 
 Such a determination is substantially the same as a final judgment in an independent proceeding.
 
 [Citations.]”
 
 (In re Marriage of Skelley
 
 (1976) 18 Cal.3d 365, 368 [134 Cal.Rptr. 197, 556 P.2d 297], italics added.)
 

 This exception has been repeatedly recognized with respect to punitive sanction orders imposed under section 128.5
 
 (I. J. Weinrot & Son, Inc.
 
 v.
 
 Jackson
 
 (1985) 40 Cal.3d 327, 331, 341, fn. 10 [220 Cal.Rptr. 103, 708 P.2d 682];
 
 Lieppman
 
 v.
 
 Lieber
 
 (1986) 180 Cal.App.3d 914, 919 [225 Cal.Rptr. 845];
 
 Ellis
 
 v.
 
 Roshei Corp.
 
 (1983) 143 Cal.App.3d 642, 645, fn. 3 [192 Cal.Rptr. 57]) and under section 177.5 for the unjustified violation of a court order
 
 (Caldwell
 
 v.
 
 Samuels Jewelers
 
 (1990) 222 Cal.App.3d 970, 975-976 [272 Cal.Rptr. 126]). Although we have discovered no case which has directly so held, a sanction order imposed under section 1987.2 should similarly be immediately and directly appealable. Like section 128.5, it provides the remedy of a monetary sanction for bad faith litigation conduct. As with section 128.5, such a sanction order is collateral to the main issue, is dispositive of the rights of the parties with respect to such conduct and directs the immediate payment of money.
 

 A statutory basis for the imposition of the sanction is not essential. For example, immediate direct appeals have been allowed under the doctrine from orders imposing monetary sanctions for failing to attend a mandatory settlement conference as required by local court rule
 
 (Wisniewski
 
 v.
 
 Clary
 
 (1975) 46 Cal.App.3d 499, 502 [120 Cal.Rptr. 176]) and for acts of attorney
 
 *997
 
 misconduct punished by an award of attorney’s fees in lieu of a contempt order
 
 (Bauguess
 
 v.
 
 Paine
 
 (1978) 22 Cal.3d 626, 634, fn. 3 [150 Cal.Rptr. 461, 586 P.2d 942]). Moreover, such right to appeal is recognized even though the appellant is not a party to the action but rather is the attorney for a party.
 
 (Id.,
 
 at p. 634, fn. 3; see also,
 
 In re Marriage of Fuller
 
 (1985) 163 Cal.App.3d 1070, 1072, fn. 1 [210 Cal.Rptr. 73].)
 
 [12]
 

 However, this “collateral order” exception was
 
 not
 
 extended to orders which imposed sanctions for a failure to make discovery. In reviewing this issue, the Supreme Court said, “The better view is that an order made for the purposes of furthering discovery proceedings, or granting sanctions for refusal to make discovery is not appealable. [Citations.]”
 
 (Lund
 
 v.
 
 Superior Court
 
 (1964) 61 Cal.2d 698, 709 [39 Cal.Rptr. 891, 394 P.2d 707]; see also,
 
 Freidberg
 
 v.
 
 Freidberg
 
 (1970) 9 Cal.App.3d 754, 764 [88 Cal.Rptr. 451];
 
 Munson
 
 v.
 
 Singer
 
 (1965) 238 Cal.App.2d 697 [48 Cal.Rptr. 167].) There are at least two rational and practical reasons for such a distinction. First, discovery orders are seldom limited to the simple imposition of a monetary sanction. Frequently, they are combined with orders requiring counsel and the parties to perform or conduct
 
 future
 
 discovery proceedings in a certain manner or within a specific time period. It is therefore often “questionable as to whether [the trial court] intended [such combined order] as a final order in a collateral proceeding.”
 
 (Lund
 
 v.
 
 Superior Court, supra,
 
 61 Cal.2d at p. 709.) Secondly, “Discovery orders in a single lawsuit can be numerous and ongoing and provide limitless fodder for interim appeals.”
 
 (Slemaker
 
 v.
 
 Woolley
 
 (1989) 207 Cal.App.3d 1377, 1382 [255 Cal.Rptr. 532].)
 

 Thus, court orders imposing sanctions for the acts or omissions of parties or their counsel in nondiscovery proceedings were, prior to January 1, 1990, immediately appealable. Of the five orders before us which were issued by the trial court in 1989, three are clearly discovery orders and two are not. The orders made on January 23, 1989 ($1,200), October 17, 1989 ($2,000)
 
 *998
 
 and November 29, 1989 ($5,000) were all made in a discovery context.
 
 [13]
 
 As these were nonappealable orders when made and subject to review only upon final judgment in the main action, Fine’s notice of appeal, as to them, is timely; it will be treated as the notice of the appeal he is entitled to pursue from such final judgment. However, as to the two nondiscovery orders, they were immediately and directly appealable when made and therefore Fine’s notice of appeal was not timely.
 

 3.
 
 Appealability of the Orders Made After January 1, 1990.
 

 The remaining five orders which are the subject of respondents’ motion were all issued in 1990 but did not arise out of any discovery proceedings. We therefore must consider the impact of recent legislative amendments to section 904.1 which became effective on January 1, 1990. The Legislature, in response to a request from the Judicial Council, amended section 904.1, subdivision (a)
 
 [14]
 
 and added a new subdivision (k).
 
 [15]
 

 As we read these statutory amendments and their legislative history,
 
 [16]
 
 it seems obvious to us that they were intended to
 
 restrict
 
 the appellate review
 
 *999
 
 of sanction orders
 
 otherwise appealable
 
 under the collateral order doctrine. A monetary threshold is now imposed as a test of independent appealability. If a superior court judgment imposes a monetary sanction which exceeds $750 it may be appealed immediately; it does not require the entry of a final judgment in the main action. A lesser sanction, however, is not appealable and is not reviewable except on appeal from the final judgment. However, as a statutory alternative, either may be reviewed immediately after imposition,
 
 in the discretion of the appellate court,
 
 upon petition for extraordinary writ.
 

 The parties apparently do not share our construction of this legislation; and, not surprisingly, they even disagree among themselves about the meaning and scope of these changes. This is certainly understandable. A recent decision of a division of this court expressed the view that what the Legislature actually accomplished with the amending language which it used was directly contrary to its clear legislative purpose.
 
 (Kohan
 
 v.
 
 Cohan
 
 (1991) 229 Cal.App.3d 967, 970 [280 Cal.Rptr. 474].) The court in
 
 Kohan
 
 correctly concluded that the intent of the Legislature was to restrict, not expand, the category of appealable sanctions. “The legislative history of. . . subdivision [(k)] indicates the Legislature’s intent was to ‘[eliminate the [interlocutory] right to appeal a judgment or order for the payment of monetary sanctions in cases where the order for payment is $750 or less. Review in such cases . . . will instead be upon the granting of a petition for an extraordinary writ.’ (Assem. 3d reading digest on Assem. Bill No. 157 as amended Sept. 11, 1989; accord, Sen. Com. on Judiciary summary of Assem. Bill No. 157 as amended Aug. 21, 1989, for Aug. 22, 1989 hg.; Assem. Com. on Judiciary digest of Assem. Bill No. 157 for May 24, 1989 hg.)”
 
 (Kohan, supra,
 
 at p. 970.)
 

 In spite of such recognition, however, the
 
 Kohan
 
 court concluded that the “plain meaning" of new subdivision (k) had the
 
 effect
 
 of changing the prior law with respect to the appealability of discovery sanctions, at least to the extent that they exceed $750. Now, under
 
 Kohan,
 
 a discovery sanction is apparently deemed to be a “judgment” within the meaning of the statute and is thus separately appealable. While we have very serious reservations about
 
 *1000
 
 the vitality of that conclusion,
 
 [17]
 
 it is not necessary here for us to directly deal with it. None of the five 1990 orders before us involve discovery sanctions. One is for contempt (the order of May 9, 1990, which imposed a $1,000 fine) and is not appealable in any event.
 
 [18]
 
 Fine’s appeal from that order is properly dismissed. The remaining four are clearly final orders requiring the payment of money and would be directly and immediately appealable under the collateral order exception.
 

 However, as we have noted, section 904.1, subdivision (k) has now imposed a monetary threshold on that exception. Those sanctions, although appealable under prior law, are now appealable
 
 only
 
 if they exceed $750. Thus, one of the two orders of July 20, 1990 (the order for $3,000 imposed under § 1987.2)
 
 [19]
 
 was immediately appealable under subdivision (k). As Fine did not file a timely notice of appeal, respondents’ motion to dismiss must be granted as to that order.
 

 
 *1001
 
 With respect to the order of July 16, 1990 ($750 imposed under § 177.5), the order of July 20, 1990 ($750 imposed under § 1987.2) and the three orders of November 29, 1990 ($500 imposed under § 177.5, $660 imposed under § 128.5 and $500 imposed under § 128.5),
 
 [20]
 
 they were not independently appealable as a result of the provisions of section 904.1, subdivision (k), but may be reviewed upon appeal from the final judgment in the main action. As all of these orders are set forth in Fine’s notice of appeal of April 25, 1990, and since he is clearly a “party aggrieved” thereby, we will treat his appeal as one which he is entitled to separately file. As his notice was timely filed, the respondents’ motion must be denied with respect to these five sanction orders.
 

 Respondents also argue that Fine has no separate right of appeal under section 904.1, subdivision (k). That section provides that “. . . sanction judgments (of $750 or less) against a party or an attorney for a party may be reviewed on an appeal
 
 by that party
 
 after entry of final judgment in the main action . . . .” (Italics added.) Respondents contend that the phrase “by that party” necessarily refers to the party to the action rather than the party against whom the sanction was imposed. We disagree.
 

 While the legislative language is not free from ambiguity, we are constrained to construe it so as to harmonize it with other statutory provisions dealing with the same subject matter. (Dyna-Med,
 
 Inc.
 
 v.
 
 Fair Employment & Housing Com.
 
 (1987) 43 Cal.3d 1379, 1387 [241 Cal.Rptr. 67, 743 P.2d 1323].) We also must interpret statutory language so as to give effect to its apparent purpose
 
 (Delaney
 
 v.
 
 Superior Court
 
 (1990) 50 Cal.3d 785, 798 [268 Cal.Rptr. 753, 789 P.2d 934]). Finally, where uncertainty is present consideration must be given to the consequences that will flow from a particular interpretation.
 
 (Alfrod
 
 v.
 
 Pierno
 
 (1972) 27 Cal.App.3d 682, 688 [104 Cal.Rptr. 110].)
 

 Applying these principles here, it seems clear that the term “that party” has reference to the party against whom the sanction was imposed. First, if the Legislature had intended otherwise it could have used the term
 
 “the
 
 party” instead. That would have shown an intent to limit the attorney’s right of separate appeal. More importantly, to adopt respondents’ construction requires us to attribute to the Legislature an intent to change existing law clearly establishing the attorney’s right of separate appeal.
 
 (Bauguess
 
 v.
 
 *1002
 

 Paine, supra,
 
 22 Cal.3d at p. 634, fn. 3;
 
 In re Marriage of Fuller, supra,
 
 163 Cal.App.3d at p. 1072, fn. 1; § 902.) This we will not do. Section 904.1, subdivision (k) sought only to limit collateral order appeals by setting a monetary threshold, not by restricting the rights of aggrieved parties to enjoy otherwise established rights to separate appellate review.
 

 Disposition
 

 Respondents’ motion to dismiss Fine’s appeal is granted as to the sanction orders imposed on June 8, 1989, October 25, 1989, May 9, 1990, and July 20,1990 (the $3,000 order) and it is denied as to the sanction orders imposed on January 23, 1989, October 17, 1989, November 29, 1989, July 16, 1990, July 20 (the $750 order), and November 29, 1990 (all three orders).
 
 [21]
 
 While these latter orders were not independently appealable, they are properly reviewable on appeal from the final judgment in the main action. As to these orders, therefore, we are treating Fine’s appeal as his separate appeal from the final judgment and these sanction orders will be entitled to review concurrently with the appellate review of the action now being prosecuted by his former clients (see fn. 2,
 
 ante).
 

 [22]
 

 Klein, R J., and Danielson, J., concurred.
 

 [1]
 

 Unless otherwise indicated, all references are to the Code of Civil Procedure.
 

 [2]
 

 It appears from the record before us that there are four separate appeals now pending before this court. They are described as follows:
 

 1.
 
 Appeal filed May 15, 1990 (Civ. No.
 
 B050219)—Appeal from an order sanctioning appellants and their counsel, Fine, under Code of Civil Procedure section 128.5 for the filing of a second motion to disqualify Judge Philip Saeta by claiming that Judge Saeta was prejudiced against them under section 170.1;
 

 2.
 
 Appeal filed September 12, 1990 (Civ. No.
 
 B053071)—Appeal filed from an order approving a derivative settlement relating to defendant Katsumi Kogure;
 

 3.
 
 Appeal filed April 25, 1991 (Civ. No.
 
 B058281)—Appeal filed by Fine in a personal capacity on his own behalf from 10 monetary sanction orders (imposed from Jan. 23, 1989, through Nov. 29, 1990).
 

 4.
 
 Appeal filed on May 14,
 
 1991—Appeal filed by defendants, cross-complainants, and Nagai plaintiffs to the March 15, 1991, judgment, et al. It is the third of these appeals (i.e., the one filed on Apr. 25, 1991) that is the subject of the pending motion to dismiss.
 

 [3]
 

 Given the context of this case, a certain matter of terminology is also important; it is the difference between a “separate appeal” and an “independent appeal.” The former refers to the right, here asserted by Fine, of an attorney (or other collateral party aggrieved) to pursue an appeal separate from any appellate review sought by the parties to the action. The latter refers to an appeal from an order or judgment, other than a final judgment, which by law is immediately appealable when made and is pursued independently of the appeal from the final judgment in the main action (e.g., collateral nondiscovery sanction orders, such as are involved in this case).
 

 [4]
 

 We do not, by this brief description of the several orders before us, intend to express any view, one way or the other, as to the merits of the sanction awards. We reach
 
 only
 
 the question of Fine’s right to proceed with his appeal as to any or all of these orders.
 

 [5]
 

 At the time of this hearing (i.e., Oct. 17, 1989) the court expressed its apparent exasperation with this matter when it commented on the failure of counsel on both sides to properly
 
 *992
 
 ask for and support requests for sanctions. The court stated: “Initially, many of your—I guess all your papers here both in support and opposition to the motion today ask for sanctions. That is just automatic. But I’m quite surprised after all the effort that you put into this over all these years, and getting so many sanctions orders and requests, you don’t realize that your notice of motion, or in some cases your notice of opposition should indicate that you want sanctions, what you want in the way of sanctions, that is, money, or if there were other kind of relief, against whom you want the sanctions, and if you bury it down in the bottom of the declaration it isn’t due process under the Volkswagen case, [¶] So in many cases I will not be giving sanctions today, not because they aren’t deserved but because they haven’t been asked for properly, which is really startling given the history of this case. [¶] I don’t consider my role as being a great sanction dispenser in the sky. And I don’t even keep track of what I have done to you, whether I have leaned on one of you or the other, and I really don’t care to, so I will just try to field these today as best I can.”
 

 [6]
 

 Clearly, this order did not comply with the procedural requirements of section 128.5. Therefore, the question of whether it was immediately appealable, as well as the question of its validity must be measured under sections 2023 and 2025. We will therefore treat this as a discovery sanction for the purpose of resolving the appealability question. (See fn. 13,
 
 post.)
 

 [7]
 

 Section 1209, subdivision (a) provides in pertinent part: “(a) The following acts or omissions in respect to a court of justice, or proceedings therein, are contempts of the authority of the court:
 

 “5. Disobedience of any lawful judgment, order or process of the court;
 

 “8. Any other unlawful interference with the process or proceedings of a court.”
 

 [8]
 

 Section 1987.2 relates to awards for reasonable expenses in making or opposing motions to enforce or quash notices or subpenas which require production of documents at trial. Specifically, it provides: “In making an order pursuant to motion made under subdivision (c) of Section 1987 or under Section 1987.1, the court may in its discretion award the amount of the reasonable expenses incurred in making or opposing the motion, including reasonable attorneys’ fees, if the court finds the motion was made or opposed in bad faith or without substantial justification or that one or more of the requirements of the subpoena was oppressive.”
 

 [9]
 

 California Rules of Court, rule 2(a) provides: “Except as otherwise provided by Code of Civil Procedure section 870 or other statute or rule 3, a notice of appeal shall be filed on or before the earliest of the following dates: (1) 60 days after the date of mailing by the clerk of the court of a document entitled ‘notice of entry’ of judgment or appealable order; (2) 60 days after the date of service of a document entitled ‘notice of entry’ of judgment or appealable
 
 *995
 
 order by any party upon the party filing the notice of appeal, or by the party filing the notice of appeal; or (3) 180 days after the date of entry of the judgment. For the purposes of this subdivision, a file-stamped copy of the judgment or appealable order may be used in place of the document entitled ‘notice of entry.’ ”
 

 Rule 2(b) provides in part:
 

 “For the purposes of this rule: (1) The date of entry of a judgment shall be the date of its entry in the judgment book or in a county following the procedure specified in Code of Civil Procedure Section 668.5 in lieu of maintaining a judgment book, the date of filing the judgment with the clerk pursuant to that section. (2) The date of entry of an appealable order which is entered in the minutes shall be the date of its entry in the permanent minutes, unless such minute order as entered expressly directs that a written order be prepared, signed and filed, in which case the date of entry shall be the date of filing of the signed order. (3) The date of entry of an appealable order which is not entered in the minutes shall be the date of filing of the order signed by the court."
 

 [10]
 

 The mailing of the minute order is sufficient notice. “[A]ny notice in writing which will convey to a losing party that the judgment has been entered is sufficient in California” to start time running for appeal.
 
 (Bank of America etc. Assn.
 
 v.
 
 Superior Ct.
 
 (1931) 115 Cal.App. 454, 457 [1 P.2d 1081];
 
 Pacific City Bank
 
 v.
 
 Los Caballeros Racquet & Sports Club, Ltd.
 
 (1983) 148 Cal.App.3d 223, 228 [195 Cal.Rptr. 776].)
 

 [11]
 

 Compliance with the time for filing a notice of appeal is mandatory and jurisdictional.
 
 (Vibert
 
 v.
 
 Berger
 
 (1966) 64 Cal.2d 65, 67 [48 Cal.Rptr. 886, 410 P.2d 390];
 
 Chong
 
 v.
 
 Fremont Indemnity Co.
 
 (1988) 202 Cal.App.3d 1097, 1102-1103 [249 Cal.Rptr. 264]; see Cal. Rules of Court, rules 2(a), 2(b)(2) and § 906.)
 

 Fine’s argument that the 1989 amendment to section 904.1, subdivision (a), and addition of subdivision (k) had the legal consequence of removing the 60-day requirement for noticing an appeal (apparently because the 60-day period was not mentioned in the new statutory language) is utterly without merit and deserves no further discussion.
 

 [12]
 

 Fine argues that with respect to those sanction awards made jointly against him and his former clients (he has not been counsel of record in this matter since April of 1991), he is entitled to await final judgment in the mam action before noticing his separate appeal. He points to the fact that his former clients have included such sanction awards in their appeal and respondents have apparently asserted no objection thereto. Even assuming this to be the case, we find no merit in this contention. A sanctioned attorney clearly has a
 
 separate
 
 right to appeal from a sanction order, provided it is an appealable order
 
 (Bauguess
 
 v.
 
 Paine, supra,
 
 22 Cal.3d 626, 634, fn. 3; § 902); indeed, he must do so or lose the right to appeal
 
 (Huenergardt
 
 v.
 
 Huenergardt
 
 (1963) 218 Cal.App.2d 455, 459 [32 Cal.Rptr. 714]). At least two cases, involving such joint sanction awards, decided the appealability issue without regard to the circumstance that the award was made jointly against the attorney and his client. (See
 
 Chong
 
 v.
 
 Fremont Indemnity Co., supra,
 
 202 Cal.App.3d 1097;
 
 Corns
 
 v.
 
 Miller
 
 (1986) 181 Cal.App.3d 195 [226 Cal.Rptr. 247].)
 

 [13]
 

 We have already noted (see fn. 6,
 
 ante)
 
 that with respect to the order of November 29, 1989, the court also claimed to rely upon section 128.5 as justification for imposition of the sanction. However, the court made no attempt to comply with that section’s procedural requirement of a writing which “recite[s] in detail the conduct or circumstances justifying the order.” We would therefore be required to disregard section 128.5 as a basis for imposition of the sanction. The sanction will be supported, if at all, only to the extent that it is authorized under sections 2023 and 2025. Therefore, since it must be reviewed as a discovery sanction, we will regard it as one for the purpose of determining the appealability issue.
 
 (Slemaker
 
 v.
 
 Woolley, supra,
 
 207 Cal.App.3d at p. 1380.)
 

 [14]
 

 Section 904.1, subdivision (a) was amended to read (the new matter is italicized): “An appeal may be taken from a superior court in the following cases: (a) From a judgment, except (1) an interlocutory judgment, other than as provided in subdivisions (h) and (i), (2) a judgment of contempt which is made final and conclusive by Section 1222, (3) a judgment on appeal from a municipal court or a justice court or a small claims court, or (4) a judgment granting or denying a petition for issuance of a writ of mandamus or prohibition directed to a municipal court or a justice court or the judge or judges thereof which relates to a matter pending in the municipal or justice court. However, an appellate court may, in its discretion, review a judgment granting or denying a petition for issuance of a writ of mandamus or prohibition,
 
 or a judgment or order for the payment of monetary sanctions,
 
 upon petition for an extraordinary writ.”
 

 [15]
 

 Section 904.1, subdivision (k) reads: “From a superior court judgment directing payment of monetary sanctions by a party or an attorney for a party only if the amount exceeds seven hundred fifty dollars ($750). Lesser sanction judgments against a party or an attorney for a party may be reviewed on an appeal by that party after entry of final judgment in the main action, or, at the discretion of the court of appeal, may be reviewed upon petition for an extraordinary writ."
 

 [16]
 

 In referring to this 1989 legislation (Assem. Bill No. 157), the analysis of the Assembly Judiciary Committee characterized the purpose and effect of the amendment by stating that, “AB 157 would eliminate the right to an interlocutory appeal of a superior court judgment or
 
 *999
 
 order for the payment of monetary sanctions in cases where the order involves $750 or less. Appeal [s/c] in these lesser cases would instead be upon the granting of a petition for an extraordinary writ at the discretion of the appellate court, or at the completion of the case.
 

 “The Judicial Council is the source of the provision eliminating the right to appeal sanction orders of $750 or less. The Council points out that it is anamolous for a matter involving an amount within the small claims jurisdictional limit to have a right of appeal to the Court of Appeal. The Council further points out that ‘even though an appeal (will) not lie as a matter of right (under this bill), Courts of Appeal should and would have the power to review sanctions in writ proceedings.’ ”
 

 [17]
 

 Certainly, a strong argument can be made that the Legislature’s admitted intent of restricting, not expanding, the scope of appealable orders was not given sufficient weight by the
 
 Kohan
 
 opinion. In enacting section 904.1, subdivision (k), the Legislature was not writing on a blank page. The status of the law existing at the time of this legislation provided only limited exceptions to the rule of nonappealability of interlocutory orders. As the Legislature clearly sought to restrict this further, it would have been more appropriate for the
 
 Kohan
 
 court to have concluded that subdivision (k) was a limitation on the existing “collateral order doctrine.” Thus, only those sanction orders which were already appealable under that exception were covered by the term “judgment” as used in subdivision (k). Discovery sanction orders which were not considered collateral or independent of the other issues in the action and, for the reasons already noted, were not properly considered as “final”
 
 (Lund
 
 v.
 
 Superior Court, supra,
 
 61 Cal.2d at p. 709), should not have been expansively included in the term “judgment." The collateral order doctrine was not superseded by this legislation. Its impact was simply restricted. We believe
 
 Kohan
 
 is an unfortunate decision which will lead to much mischief. We expressly reject its conclusion in our decision in
 
 Rao
 
 v.
 
 Campo, ante,
 
 page 1557 [285 Cal.Rptr. 691].
 

 [18]
 

 A judgment of contempt is not appealable. (§904.1, subd. (a); § 1222.) The proper remedy to obtain appellate review where a monetary fine has been imposed is by a petition for a writ of certiorari. However, even if we were to construe Fine’s appeal as an application for such writ relief it would clearly be untimely. A delay of nearly 12 months is unreasonable, particularly in light of the fact that the only justification offered is Fine’s mistaken belief that the order was appealable upon the conclusion of the underlying action. (See, e.g.,
 
 Krueger
 
 v.
 
 Superior Court
 
 (1979) 89 Cal.App.3d 934, 938-939 [152 Cal.Rptr. 870];
 
 Lewis
 
 v.
 
 Superior Court
 
 (1968) 261 Cal.App.2d 736, 740-741 [68 Cal.Rptr. 631].)
 

 [19]
 

 The record reflects that two separate orders were imposed on this date, one for $3,000 and the other for $750. While they both arose from the same alleged misconduct on the part of Fine and were based on similar evidence and involved a failure to comply with the same prior court ruling, they are clearly separate sanctions and we will treat them as such. The $3,000 sanction was imposed with respect to an unsuccessful motion to compel certain respondents to appear and produce certain documents at trial. The $750 sanction order was imposed following a separate unsuccessful motion to compel the custodians of record of two respondents to appear and produce certain documents at trial. Despite their similarity and concurrence in time, the trial court properly treated them as separate sanction awards.
 

 [20]
 

 The three orders of November 29, 1990, are properly regarded as imposing three separate sanctions. Although imposed contemporaneously they were requested by separate motions, involved separate acts and, as to one of the orders, separate statutory authority. Indeed, one of the sanctions was payable to the clerk of the court rather than the opposing party or counsel. We therefore reject respondents’ argument that these three sanctions should be aggregated so as to exceed the monetary threshold of $750.
 

 [21]
 

 As our ruling on respondents’ motion preserves Fine’s right to prosecute his appeal as to some of the sanction orders, we feel constrained, in light of the sad history of acrimony and discord which has marked this case, to advise both counsel that they would not be remiss if they were to give a careful review to our opinion in
 
 Young
 
 v.
 
 Rosenthal
 
 (1989) 212 Cal.App.3d 96, 130-137 [260 Cal.Rptr. 369], before proceeding further.
 

 [22]
 

 If a consolidation order has not heretofore been made, consideration should be given to such an order at the earliest possible time. The interest of judicial economy would appear to require that the issues raised by Fine’s appeal be considered at the same time and by the same court which reviews the main appeal from the final judgment.