Filed 3/18/13  Garcia v. Loma Gardens CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| MARIA GARCIA et al., | B239249 |
| Plaintiffs, | (Los Angeles County Super. Ct. No. BC438704) |
| v. | |
| LOMA GARDENS, INC., et al., | |
| Defendants; | |
| FARMERS INSURANCE EXCHANGE; | |
| Intervener and Respondent; | |
| R. PAUL KATRINAK et al., | |
| Objectors and Appellants. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. William F. Highberger, Judge.  Affirmed.

R. Paul Katrinak, Basta, Inc., for Objectors and Appellants.

Mendes & Mount, Dean B. Herman, Hee Young Lee, Stuart L. Brody for Intervener and Respondent.

No appearance for Plaintiffs or Defendants.

_____

The trial court imposed sanctions against two attorneys who misused the discovery process. The attorneys asserted frivolous objections to interrogatories, then failed to serve adequate answers even after the court informed them that their objections were unmeritorious. Because the propounding party was obliged to file a motion to compel—and the two attorneys unsuccessfully opposed the motion—the trial court did not abuse its discretion by assessing monetary sanctions pursuant to the Civil Discovery Act. (Code Civ. Proc., § 2016.010 et seq.)[1]

## FACTS

Daniel Bramzon and R. Paul Katrinak (collectively, the Attorneys) practice under the name "BASTA, Inc.," an organization that advocates for tenants' rights. They represent plaintiffs in a class action lawsuit filed in May 2010. Plaintiffs, who rent units in an apartment house owned by defendants, allege that the building is unfit for habitation. Farmers Insurance Exchange (Farmers) is an intervener in the lawsuit.

In September 2011, Farmers propounded special interrogatories consisting of 10 questions relating to plaintiffs' damages. The questions were simple.[2] Plaintiffs gave one response to all of the questions, which consisted only of objections.[3]

---

[1] All undesignated statutory references are to the Code of Civil Procedure.

[2] The interrogatories were: (1) do you seek monetary recovery for damage to or loss of use of personal property?; (2) if yes, describe each item of personal property, the date it was damaged, and the monetary value of it; (3) do you seek monetary recovery for bodily injuries?; (4) if yes, describe each injury, the date you were injured, and the amount of damage; (5) do you seek monetary recovery for emotional distress?; (6) if yes, state the circumstances causing the distress, the date you suffered it, and the amount of damages; (7) do you seek monetary recovery for violations of state or local laws?; (8) if yes, identify each law that was violated, the date of the violation, and the amount of damages; (9) describe each item of damage you seek to recover; and (10) describe each item of damage the class seeks to recover.

[3] Plaintiffs responded to each question, "Responding Party incorporates herein by reference the general statement and objections stated above as though fully set forth herein. Responding Party objects to this interrogatory as it violates Code of Civil Procedure Section 2030.060(d) as it is not full and complete in and of itself and this set of

2

Farmers sent a meet-and-confer letter to the Attorneys on November 7, 2011, explaining why plaintiffs' responses were inadequate and the objections baseless. Farmers warned the Attorneys that if they failed to serve supplemental responses, Farmers would file a motion to compel and seek sanctions. In response, the Attorneys reasserted the same objections to the interrogatories.

At a status conference on November 22, 2011, after recessing to research the law relating to plaintiffs' objections, the court described the Attorneys' responses to the interrogatories as "arrogant, pointless objections that don't really have anything to do with the practical merits of the process," adding, "If you want a case to be taken seriously, Mr. Katrinak, these kind of sideshows are not the way to impress the court that you're trying to get on to the merits." Attorney Katrinak said, "I will withdraw the objections and respond to those interrogatories in two weeks, your Honor."

The Attorneys did not perform their promise to withdraw their objections and respond to the interrogatories in two weeks. On December 9, 2011, Farmers moved to compel plaintiffs to answer the interrogatories, filing three separate motions, one for each of the named plaintiffs. Farmers requested sanctions for plaintiffs' misuse of the discovery process.

In opposition, Katrinak acknowledged the trial court's "position concerning my objections" and his November 22 promise to withdraw his objections to the interrogatories. He declared, "I was in the process of preparing supplemental responses when I received [ ] Farmer's Motions to Compel." Attached to Katrinak's declaration were plaintiffs' supplemental responses to the interrogatories, served on December 20. The supplemental responses repeat plaintiffs' objections and partially answer the interrogatories. Farmers replied that plaintiffs' newly served answers are deficient because they assert the same frivolous and inapplicable objections; are evasive and

interrogatories contains a prefacer or instruction not approved by the Judicial Council. Furthermore, this interrogatory contains impermissible subparts; specially prepared interrogatories may not contain subparts, 'compound, conjunctive or disjunctive' questions per the Code of Civil Procedure Section 2030.060(f)."

3

nonresponsive; and fail to provide a factual basis for plaintiffs' claims (such as dates of injury and the type of damage suffered). Farmers asked the court to order complete responses and award sanctions.

## THE TRIAL COURT'S RULING

On January 9, 2012, the court granted Farmers' motion to compel. It observed that when Farmers filed the motion on December 9, the only responses from plaintiffs consisted of objections to the form of the questions. Plaintiffs did not serve answers to the interrogatories until December 20. The objections raised by plaintiffs were not a valid response to Farmers' request for the dates plaintiffs were damaged and the type and amount of damage suffered. The court advised the Attorneys on November 22 of its view that their objections were frivolous, yet no answers to the interrogatories were served until Farmers moved to compel them.

The court wrote that plaintiffs made "no attempt to provide any factual information whatsoever" and the "boilerplate" objections were "frivolous and an abuse of the discovery process for which sanctions are appropriate." Further, plaintiffs' belated supplemental responses were "inadequate." The court ordered plaintiffs to provide substantive, verified responses to the interrogatories (describing their injuries and the dates the injuries were suffered), without objections. It imposed sanctions of $2,571 per plaintiff ($7,713 total) on BASTA, Inc., and the Attorneys, jointly and severally.

## DISCUSSION

### 1. Appellate Jurisdiction

Farmers renews its challenge to this Court's jurisdiction, which it previously raised by way of a motion to dismiss that was summarily denied by this Court on May 11, 2012. The appeal is from an order imposing monetary sanctions of $7,713 on the Attorneys, payable to Farmers. Farmers maintains that sanctions imposed for each set of interrogatory answers cannot be aggregated to reach the jurisdictional minimum.

Appeal may be taken from "an order directing payment of monetary sanctions by a party or an attorney for a party if the amount exceeds five thousand dollars ($5,000)." (§ 904.1, subd. (a)(12).) Farmers relies upon *Calhoun v. Vallejo City Unified School*

4

*Dist.* (1993) 20 Cal.App.4th 39 to argue that the $5,000 jurisdictional minimum is lacking. In *Calhoun*, sanctions payable by counsel to a school district and an employees' union were not appealable because (1) the appeal was improperly taken by the plaintiff instead of the sanctioned attorney, and (2) sanctions were awarded to both defendants, resulting in "multiple sub-[$5,000] sanction orders." (*Id*. at pp. 42, 44. See also *Imuta v. Nakano* (1991) 233 Cal.App.3d 1570, 1585, fn. 20 [court declined to aggregate three sanctions orders because the sanctions arose from separate motions, involved separate acts, relied on different statutory authority, and were payable to different persons].)

      *Calhoun* and *Imuta* are inapposite. Here, there is one order directing counsel to pay one entity, Farmers. It reads, "Grant with sanctions in the sum of $7,713.00 against plaintiffs['] counsel of record . . . ." Farmers' identical motions to compel arose from the Attorneys' identical responses to identical sets of interrogatories. There was a single opposition to the motion. This is not a case of multiple sub-$5,000 orders, payable to separate persons or entities, based on separate acts. The order is appealable.

## 2. **Sanctions Order**

      An order imposing sanctions is reviewed for an abuse of discretion. We resolve evidentiary conflicts in favor of the trial court's ruling and will reverse only if the ruling was arbitrary, capricious or whimsical. (*Clement v. Alegre* (2009) 177 Cal.App.4th 1277, 1285-1286.) Appellants have the burden of affirmatively demonstrating trial court error. (*Id.* at p. 1286.)

      The Attorneys present a single question for resolution: "Did the trial court abuse its discretion in awarding punitive sanctions in the amount of $7,713.00?" The short answer is "No" because the award is supported by the evidence, not punitive.

      The Attorneys concede that their objections to the interrogatories lack merit, and that "some sanctions" could be assessed. The Attorneys had promised at a status conference that they would withdraw the unmeritorious objections and respond to the interrogatories within two weeks of November 22 (i.e., December 6). They did not live up to their promise. While the Attorneys procrastinated, Farmers faced a 45-day deadline for filing a motion to compel further responses, set to expire on December 11. By

allowing the deadline to expire, Farmers would "waive[] any right to compel a further response to the interrogatories" (§ 2030.300, subd. (c)), and the trial court would lack jurisdiction to order further answers. (*Vidal Sassoon, Inc. v. Superior Court* (1983) 147 Cal.App.3d 681, 685.) Farmers reasonably acted to protect its rights when it filed a motion to compel on December 9, two days before the statutory deadline.

Plaintiffs opposed Farmers' motion to compel on the grounds that they had already served supplemental responses. The trial court examined the supplemental responses and found them lacking. First, plaintiffs' responses assert *more* objections, even though the court warned the Attorneys on November 22 that the interrogatories were proper and their objections were "pointless." Second, the supplemental responses were "inadequate" because they failed to list the dates and types of injuries suffered by plaintiffs.

The Civil Discovery Act states that the court "shall impose a monetary sanction" against a party or attorney who unsuccessfully opposes a motion to compel further responses to interrogatories, "unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust." (§ 2030.300, subd. (d).) Among the authorized reasons for imposing sanctions are: making, without substantial justification, an unmeritorious objection to discovery; making an evasive response to discovery; disobeying a court order to provide discovery; or unsuccessfully opposing a motion to compel. (§ 2023.010.) The wording of the statute does not entitle a party "to one free refusal to serve further responses before a monetary sanction can be imposed. On the contrary, the plain language of the statute requires the trial court to impose a monetary sanction even for the first offense." (*Parker v. Wolters Kluwer United States, Inc.* (2007) 149 Cal.App.4th 285, 294.)

There is no substantial justification for the Attorneys' conduct. Farmers sent the Attorneys a meet-and-confer letter explaining why the Attorneys' objections to the interrogatories were baseless. The Attorneys responded by reasserting the same unmeritorious objections, electing to stand by their refusal to answer the questions. Once the trial court voiced its disapproval, the Attorneys seemingly backed down, only to renege on their promise to answer the interrogatories, thereby prompting Farmers' motion

6

to compel. There is no justification for the Attorneys' subsequent conduct in serving patently inadequate answers *and* more objections, which necessitated an order from the court to fully answer the questions, without objections.

Farmers requested attorney fees of $2,571 for each of the three identical motions to compel, for a total of $7,713. This included the time of a partner (2.7 hours at $230 per hour) and an associate (10 hours at $195 per hour) to draft the motions, to prepare replies to the Attorneys' opposition to the motions, and to attend the hearing on the motions.

The Attorneys consider the $7,713 imposed by the court to be punitive, not remedial; however, they give no reason why the amount awarded exceeds the rates customarily charged in Los Angeles. Instead, they argue that there was no reason to bring motions to compel because they withdrew their objections. As noted above, the Attorneys reneged on their promise to withdraw their objections and serve discovery responses by December 6: they did not serve their responses until 11 days after Farmers moved to compel the answers. Even then, the belated answers were inadequate.

Absent a showing that the fees incurred were unreasonable, there is no basis for finding that the court abused its discretion. "In challenging attorneys fees as excessive because too many hours of work are claimed, it is the burden of the challenging party to point to the specific items challenged, with a sufficient argument and citations to the evidence. General arguments that fees claimed are excessive, duplicative, or unrelated do not suffice. Failure to raise specific challenges in the trial court forfeits the claim on appeal." (*Premier Medical Management Systems, Inc. v. California Ins. Guarantee Assn.* (2008) 163 Cal.App.4th 550, 564.) Here, the Attorneys' only argument in the trial court was that the amount demanded by counsel for Famers "seems excessive." This type of generalized argument, without more, cannot succeed.

Finally, the Attorneys argue that appellant Bramzon should not be sanctioned because "he did not sign one response or the opposition." While Bramzon did not sign the papers, both Bramzon and Katrinak are listed on the front pages of plaintiffs'

7

inadequate discovery responses and on plaintiffs' opposition to Farmers' motion to compel, giving both men responsibility.

## **DISPOSITION**

The judgment is affirmed. Farmers is entitled to recover its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1)-(2), (d)(1).) Farmers' request for attorney fees is denied. (*Id.*, rule 8.278d(2).)

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


BOREN, P.J.

We concur:


ASHMANN-GERST, J.


CHAVEZ, J.