[No. B063066. Second Dist., Div. Four. Aug. 17, 1993.]

DIANE H. BARTON, Plaintiff, v.
AHMANSON DEVELOPMENTS, INC., Defendant and Respondent;
VIN A. FICHTER, Intervener and Appellant.

**[Opinion certified for partial publication.†]**

†Pursuant to California Rules of Court, rules 976(b) and 976.1 this opinion is certified for partial publication with the exception of parts II through VI.

**COUNSEL**

Vin A. Fichter, in pro. per., and Craig P. Seipel for Intervener and Appellant.

Hamilton & Samuels, Paul R. Hamilton, Philip W. Green and Marc S. Hines for Defendant and Respondent.

**OPINION**

**VOGEL (C. S.), J.**—The underlying action was brought by plaintiff Diane Barton against defendant and respondent Ahmanson Developments, Inc., and others for breach of contract. Appellant Vin A. Fichter, an attorney, *formerly* represented Barton in the lawsuit. During the time appellant was counsel of record, the trial court imposed a $2,850 sanction against Barton and appellant for discovery abuse. (Code Civ. Proc., §§ 2023, 2033.) Appellant filed a motion for reconsideration on behalf of himself and Barton. Shortly thereafter, Barton substituted another attorney in place of appellant. The trial court denied the then pending motion for reconsideration. Appellant timely filed a notice of appeal, solely on his own behalf, from the order imposing sanctions and the order denying reconsideration.

Ordinarily, an order imposing sanctions under discovery statutes is not immediately appealable. It may be reviewed only by extraordinary writ or on appeal from the subsequent final judgment in the underlying case. We hold the discovery sanction order in this case is appealable, however, because it is final as to appellant, who is no longer involved in the underlying suit. On the merits of the discovery sanction we affirm.

I

### APPEALABILITY OF DISCOVERY SANCTION

■ "Generally speaking, under the one final judgment rule, interlocutory or interim orders are not appealable, but are only 'reviewable on appeal' from the final judgment. 'The theory behind the rule is that piecemeal disposition and multiple appeals in a single action are oppressive and costly, and review of intermediate rulings should await the final disposition of the case.'" (*Rao* v. *Campo* (1991) 233 Cal.App.3d 1557, 1565 [285 Cal.Rptr. 691].) ■ An exception has been recognized for a *final* order on a *collateral* matter which *directs the payment of money*. (*Bauguess* v. *Paine* (1978) 22 Cal.3d 626, 634, fn. 3 [150 Cal.Rptr. 461, 586 P.2d 942].)

The collateral order exception, however, has not been applied to discovery sanctions. Discovery sanctions are not appealable. (*Lund* v. *Superior Court* (1964) 61 Cal.2d 698, 709 [39 Cal.Rptr. 891, 394 P.2d 707]; *Kibrej* v. *Fisher* (1983) 148 Cal.App.3d 1113, 1115-1116 [196 Cal.Rptr. 454]; *Slemaker* v. *Woolley* (1989) 207 Cal.App.3d 1377, 1380 [255 Cal.Rptr. 532]; *Rao* v. *Campo, supra,* 233 Cal.App.3d at pp. 1565-1566; *Imuta* v. *Nakano* (1991)

233 Cal.App.3d 1570, 1581 [285 Cal.Rptr. 681].)[1] Several reasons have been suggested. Discovery sanctions are often combined with orders requiring further discovery, and thus might not be intended by the trial court as the final order on the subject. (*Lund* v. *Superior Court, supra*; *Imuta* v. *Nakano, supra*.) Furthermore, discovery orders do not involve matters entirely collateral to the underlying case; they promote the production of evidence for use at trial or settlement. In addition, "Discovery orders in a single lawsuit can be numerous and ongoing and provide limitless fodder for interim appeals." (*Slemaker* v. *Woolley, supra*, 207 Cal.App.3d at p. 1382; *Imuta* v. *Nakano, supra*.)

The unusual circumstances here, however, bring into play an additional exception to the one final judgment rule. An appeal is permitted "when the case involves multiple parties and a judgment is entered which leaves no issue to be determined as to one party." (*Justus* v. *Atchison* (1977) 19 Cal.3d 564, 568 [139 Cal.Rptr. 97, 565 P.2d 122].) The sanction was awarded against both Barton and Fichter. Appellant Fichter no longer represented Barton when he filed his notice of appeal on his own behalf. The order was final as to him, and he no longer had an interest in the remainder of the action. The policy concerns about further discovery proceedings or multiple interim appeals are not applicable to him, because he is no longer involved in the case. The policy of the one final judgment rule requiring a party to withhold appeal until final judgment is not applicable to him, because he is no longer a party or the attorney for a party. This case involves a countervailing policy: "that it better serves the interests of justice to afford prompt appellate review to a party whose rights or liabilities have been definitively adjudicated than to require him to await the final outcome of trial proceedings which are of no further concern to him." (*Ibid.*) Appellant is liable for the sanction; respondent might seek to collect it from him or to enforce it. (Code Civ. Proc., § 680.230; Grossman & Van Alstyne, Discovery Practice (1972) § 890, p. 417.) Appellant has an interest which is separate from his former client's. (*Imuta* v. *Nakano, supra*, 233 Cal.App.3d at p. 1581, fn. 12; see also *In re Marriage of Fuller* (1985) 163 Cal.App.3d 1070, 1072, fn. 1 [210 Cal.Rptr. 73].) It is hardly fair to hold appellant in some kind of judicial penalty box while the underlying case proceeds without him. Appellant's particular problem is ripe for determination, and no purpose is served by delaying its resolution.

---

[1] We assume for the purpose of this discussion that although Code of Civil Procedure section 904.1, subdivision (k) expressly authorizes appeals of certain sanction orders, it does *not* include *discovery* sanction orders. (*Rao* v. *Campo, supra*, 233 Cal.App.3d at pp. 1566-1568; *Ghanooni* v. *Super Shuttle* (1992) 2 Cal.App.4th 380, 384-389 [3 Cal.Rptr.2d 43]; *Russell* v. *General Motors Corp.* (1992) 3 Cal.App.4th 1114, 1119 [4 Cal.Rptr.2d 750]; *contra, Kohan* v. *Cohan* (1991) 229 Cal.App.3d 967, 969-971 [280 Cal.Rptr. 474]; *Greene* v. *Amante* (1992) 3 Cal.App.4th 684, 688-690 [4 Cal.Rptr.2d 571].)

This issue was anticipated by dictum in *Slemaker* v. *Woolley*, *supra*, 207 Cal.App.3d at pages 1381, 1382. There the court *held* that a discovery sanction order against an attorney who *still* represented the party in the underlying suit could *not* be appealed. The court cautioned that a different result could well be justified if the order involved a party's *former* attorney. We agree and conclude that in the limited circumstances of this case appellant can appeal the discovery sanction.

## II-VI*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

## VII

### DISPOSITION

The orders are affirmed.

Woods (A. M.), P. J., and Epstein, J., concurred.

---

*See footnote, *ante*, page 1358.