Filed 8/11/14  P. v. Brown CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff,<br><br>        v.<br><br>MICHAEL DAVID BROWN,<br><br>        Defendant;<br><br>JEFF PRICE,<br><br>        Objector and Appellant. | B248333<br><br>(Los Angeles County<br>Super. Ct. No. PA059232) |

APPEAL from an order of the Superior Court of Los Angeles County, Harvey Giss, Judge.  Reversed.

Jeff Dominic Price, in pro. per., for Objector and Appellant.

Frederick R. Bennett for Respondent The Superior Court of Los Angeles County.

## INTRODUCTION

Objector and appellant Jeff Price, an attorney, asked another attorney to record testimony in a criminal trial. The attorney recorded testimony but failed to ask the trial court's permission before doing so. The court therefore sanctioned the attorney and Price. Price appeals from the sanctions order. Because we find that the court abused its discretion by sanctioning Price, we reverse the order.

## BACKGROUND

In November 2012, Michael David Brown was on trial for murder. Edward Arch had been Brown's codefendant, but Arch was acquitted after his Penal Code section 1118.1 motion was granted on the ground there was insufficient evidence to prove his guilt beyond a reasonable doubt. Arch then filed a civil lawsuit against the City of Los Angeles. Attorneys Daniel Sharpe and Price represented Arch in his civil lawsuit.

On November 30, 2012, Alexandra Cano was testifying at Brown's murder trial in Judge Giss's courtroom. Outside, on the courtroom door, hung a sign directing entrants to turn off cell phones. But, while Cano was testifying, she heard someone recording the proceedings. Sharpe, who was in the audience, admitted recording testimony.

The trial court asked Sharpe whether he was aware he was not supposed to record in the courtroom or take photographs. Sharpe replied, "I apologize, Your Honor. I was given other information prior to today." Sharpe said he worked for Price, who told him to record the proceedings. Sharpe agreed to pay $250 in monetary sanctions under Code of Civil Procedure section 177.5. Price, however, argued that although he asked Sharpe to record the proceedings, he did not tell him to ignore the rules and signs.

The trial court therefore set an order to show cause hearing under Code of Civil Procedure section 177.5.[1] Price reiterated that all he did was "ask" Sharpe to record the proceedings; he did not direct him to violate any rule. The court thought that Price, "as an attorney with more experience than [Sharpe] had, you're put on notice of what the law

---

[1]    After this matter was submitted, Price filed a motion to correct the record with the order to show cause regarding monetary sanctions. We grant the motion.

2

is; and you asked another [attorney] to record in the courtroom, and he was acting as your agent."

On January 22, 2013, the trial court issued this sanction order: "THE COURT FINDS that [Price] violated California Rule of Court 1.150(b) and Los Angeles County Rule of Court 2.17(b) by asking a fellow attorney, Daniel Sharp[e], to record court proceedings in *People v. Michael Brown,* PA 059232 without first obtaining permission of the Court. Attorney Daniel Sharp[e] admitted to recording the Brown trial when detected by the [c]ourt on 11/30/12. On 12/3/12 [Price] admitted to asking fellow attorney Sharp[e] to record on 11/30/12 . . . . [¶] THE COURT FINDS that [Price] put in motion the plan to record the court proceedings in the *Brown* case. His argument or contention that 'asking' another person to record is different from 'directing' or 'ordering' the recording does not absolve [Price] from Sharp[e]'s conduct of recording, especially since [Price], on 1/18/13 (the date of the hearing on the OSC), admitted that he and Sharp[e] are co-counsel in a matter that would benefit from the impermissible recording of the *Brown* case." (Full capitalizations in original.)

Price appealed the sanction order.

**DISCUSSION**

**I.      The order is appealable.**

Before reaching the substantive issue, we first address appealability and jurisdictional issues raised by counsel for the superior court.

In general, an appeal may be taken "[f]rom an order directing payment of monetary sanctions by a party or an attorney for a party if the amount exceeds" $5,000. (Code Civ. Proc., § 904.1, subd. (a)(12); see also *Diepenbrock v. Brown* (2012) 208 Cal.App.4th 743, 746.) Sanctions orders less than $5,000, therefore, are generally not appealable until entry of a final judgment in the action. (Code Civ. Proc., § 904.1, subd. (b).) But where, as here, the sanction order is a "final judgment on a collateral matter because it finally resolves all issues" between the parties on appeal; a sanctions order less than $5,000 may be directly appealed. (*Diepenbrock*, at pp. 746-747 [sanctions order against a nonparty may be directly appealed; "resolving the dispute at this time will

3

not interfere with the orderly administration of the underlying trial or give rise to numerous unnecessary interim appeals"]; see also *Barton v. Ahmanson Developments, Inc.* (1993) 17 Cal.App.4th 1358 [sanctions order against plaintiff's former attorney was appealable].)

Here, the trial court sanctioned Price, a nonparty to the underlying criminal action. That sanctions order is a matter completely collateral to the criminal action, and resolving it on direct appeal is proper.

In addition to questioning the appealability of the sanctions order, counsel for the superior court also suggests we lack jurisdiction because the matter is a limited civil case that should have been appealed to the Appellate Division. (See generally Code Civ. Proc., §§ 85, 904.2.) An action shall be treated as a limited civil case if, for example, the amount in controversy does not exceed $25,000. The matter before us is procedurally unusual. Although the issue before us is civil in nature, the matter occurred in connection with a criminal case, *People v. Brown* (Super. Ct. L.A. County, 2013, No. PA059232). We therefore conclude that we have jurisdiction over the appeal.

## II.     The trial court abused its discretion by sanctioning Attorney Price.

The trial court imposed a monetary sanction on Price for violating rules regarding recording court proceedings. We conclude that the court abused its discretion.

"A judicial officer shall have the power to impose reasonable money sanctions, not to exceed fifteen hundred dollars ($1,500), notwithstanding any other provision of law, payable to the court, for any violation of a lawful court order by a person, done without good cause or substantial justification. . . . For the purposes of this section, the term 'person' includes a witness, a party, a party's attorney, or both." (Code Civ. Proc., § 177.5.) "The imposition of monetary sanctions under section 177.5 ' "is within the discretion of the trial court. That discretion must be exercised in a reasonable manner with one of the statutorily authorized purposes in mind and must be guided by existing legal standards as adapted to the current circumstances." ' " (*Scott C. Moody, Inc. v. Staar Surgical Co.* (2011) 195 Cal.App.4th 1043, 1048; see also *People v. Ward* (2009) 173 Cal.App.4th 1518, 1527.) A trial court's discretion is not " 'unlimited, and

4

reviewing courts have never ascribed to judicial discretion a potential without restraint.' [Citation.]" (*People v. Tabb* (1991) 228 Cal.App.3d 1300, 1311.)  Discretion is therefore "abused when it exceeds the bounds of reason, all of the circumstances being considered." (*Ward*, at p. 1527.)

Code of Civil Procedure section 177.5 does not require that the violation of a court order be willful. (*People v. Tabb, supra,* 228 Cal.App.3d at p. 1311 [trial court within its discretion to conclude that an attorney's tardiness to a hearing due to inadvertent mis-calendaring error did not constitute good cause or substantial justification].)  The section does, however, require a "knowing violation of a valid order of the court without good cause or substantial justification." (*Winikow v. Superior Court* (2000) 82 Cal.App.4th 719, 726, fn. omitted; accord, *Conservatorship of Becerra* (2009) 175 Cal.App.4th 1474, 1480, 1481.)

Recording court proceedings without prior permission of the court violates the California Rules of Court and the Superior Court of Los Angeles County, Local Rules. (Cal. Rules of Court, rule 1.150(b); Super. Ct. L.A. County, Local Rules, rule 2.17(b).) "The judiciary is responsible for ensuring the fair and equal administration of justice. The judiciary adjudicates controversies, both civil and criminal, in accordance with established legal procedures in the calmness and solemnity of the courtroom. Photographing, recording, and broadcasting of courtroom proceedings may be permitted as circumscribed in this rule if executed in a manner that ensures that the fairness and dignity of the proceedings are not adversely affected. . . .  [¶] . . . [¶]  (c) Except as provided in this rule, court proceedings may not be photographed, recorded, or broadcast." (Cal. Rules of Court, rule 1.150(a) & (c); see also Super. Ct. L.A. County, Local Rules, rule 2.17(b).)[2]  A person proposing to use a recording device must obtain

---

[2]    The Superior Court of Los Angeles County, Local Rules, rule 2.17 provides: "(a) Definitions.  This rule opts the definitions contained in California Rules of Court, rule 1.150(b), except as follows:  [¶] 1) The term 'media coverage' means any photographing, recording or broadcasting in court by the media; [¶] 2) The term 'court' means any courtroom or courthouse in the County where the court conducts business, including all entrances, exits, hallways, escalators, elevators, and adjacent or

advance permission from the judge.  (Cal. Rules of Court, rule 1.150(c).)  A violation of this rule may be punished by, among other things, a citation for contempt of court or an order imposing monetary or other sanctions.  (Cal. Rules of Court, rule 1.150(f).)

The record does not show that Price knowingly violated these rules.  There is no dispute that Sharpe recorded the criminal proceedings.  Price was not present when Sharpe did so.  Although Price admitted he asked Sharpe to record the proceedings, he denied telling Sharpe to disregard any rules or signs requiring permission to be obtained first.  The court made no finding that Price told Sharpe to disregard rules regarding obtaining the court's permission to record proceedings.  Instead, the court equated Price's mere request that the proceedings be recorded with Sharpe's violation of the rules.  In other words, the court found that Price should be sanctioned because he *asked* Sharpe to record the proceedings, which, by itself, was not a violation of any rule.

These facts fail to establish that Price knowingly violated California Rules of Court, rule 1.150(b) or Superior Court of Los Angeles County, Local Rules, rule 2.17(b).  The sanctions order must therefore be reversed.

---

subterranean court parking areas.  It does not include the offices in any courthouse occupied by independent agencies such as the County of Los Angeles, including the Offices of the District Attorney and the Public Defender; [¶] 3) The term 'designated media area' means any area so designated by the Presiding Judge, supervising judge, or site judge.  [¶]  (b) Court Order Required.  While in court, no one may engage in photographing, recording, or broadcasting, or activate any camera, microphone, recorder or broadcasting device, except:  [¶] 1) in a courtroom where the judge has issued an order allowing media coverage under California Rules of Court, rule 1.150 and Local Rule 2.17(d), or expressly granted permission, under California Rules of Court, rule 1.150(d) or otherwise, to photograph, record, and/or broadcast; or [¶] 2) outside the courtroom, if it is:  i) in a designated media area, or ii) with prior written permission from the Presiding Judge, supervising judge, or site judge.  No one may carry any camera, microphone, or recording equipment, or activate the image or sound capturing feature of any computer, mobile telephone, watch or other similar equipment in a courtroom without express written permission from the appropriate judicial officer."

## DISPOSITION

The motion to correct the record on appeal is granted.  The order is reversed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ALDRICH, J.


We concur:


KLEIN, P. J.


KITCHING, J.