Filed 8/22/16  Heaven on Earth Society for Animals v. The Rascal and Chloe Rescue CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| HEAVEN ON EARTH SOCIETY FOR ANIMALS,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>THE RASCAL AND CHLOE RESCUE, INC.<br><br>Defendant and Appellant. | B261892<br><br>(Los Angeles County<br>Super. Ct. No. LC098946) |

APPEAL from an order of the Superior Court of Los Angeles County, Frank J. Johnson, Judge.  Dismissed.

Law Offices of Robert Gentino, Robert Gentino for Plaintiff and Respondent.

Mark Brifman for Defendant and Appellant

## INTRODUCTION

This appeal arises from a dispute between two animal rescue organizations. Plaintiff and respondent Heaven on Earth Society for Animals (Heaven) sued defendant The Rascal & Chloe Rescue, Inc. (Rascal), regarding a purported contract for the care of cats. Attorney Mark Brifman and his law firm, Brifman Law Corporation (Brifman Corp., and together with Mark Brifman, as Brifman), represented Rascal in the litigation. Brifman now appeals a multitude of discovery sanctions orders issued by the trial court, claiming the court had no basis to impose monetary sanctions against him rather than his client. Heaven moved to dismiss the appeal as interlocutory, arguing that none of the appealed orders exceeded the statutory threshold of $5,000 under Code of Civil Procedure section 904.1, subdivision (a)(12).[1] We conclude that none of the orders at issue is appealable. We therefore dismiss the appeal.

## FACTUAL AND PROCEDURAL HISTORY

We relate herein only the background information necessary to resolve the appealability issues presented.

Heaven filed the underlying complaint against Rascal in November 2012. Brifman appeals from the following discovery orders, all of which he contends included sanctions against him as counsel for Rascal:[2]

1. Order filed April 3, 2014, granting Heaven's motion to compel responses to interrogatories, and ordering Rascal and its counsel to pay $1,120 in sanctions.

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[2] Brifman's notice of appeal lists 11 discovery orders at issue. However, his appellate briefs discuss only eight. We therefore confine our review to the eight orders addressed and treat the remaining three as abandoned. (See, e.g., *City of Lincoln v. Barringer* (2002) 102 Cal.App.4th 1211, 1239, fn. 16 [appellant must present meaningful legal analysis supported by citations to authority and citations to the record that support the claim of error]; *Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1117 ["failure of appellant to advance any pertinent or intelligible legal argument . . . constitute[s] an abandonment of the [claim of error"].)

2. Order filed May 29, 2014 addressing Heaven's motion for terminating, issue, evidentiary, or monetary sanctions. Heaven claimed Rascal failed to comply with a prior discovery order requiring responses to written interrogatories. Heaven therefore sought, among other things, monetary sanctions for misuse of the discovery process pursuant to Code of Civil Procedure section 2023.030, subdivision (a). In its order, the court imposed sanctions of $2,000 against Brifman Corp. The order further appointed a discovery referee, "[b]y stipulation of the parties . . . for all discovery disputes . . ., with Defendant [Rascal] to pay all referee costs."

3. Order filed May 27, 2014. Heaven moved to compel further discovery responses and sought sanctions against Rascal and Brifman pursuant to sections 2023.010 and 2023.030. The court granted the motion and awarded sanctions of $2,800 against Rascal and Brifman.

4. Order filed September 16, 2014 regarding Heaven's second motion for terminating, issue, evidentiary, and monetary sanctions. Heaven again alleged that Rascal had failed to comply with a prior discovery order and sought, among other things, monetary sanctions for the "pattern of discovery abuse" pursuant to section 2023.030, subdivision (a). The court granted Heaven's motion in part and awarded sanctions of $3,150 against Rascal and Brifman.

5. Order filed September 16, 2014, granting Heaven's request for an additional $1,035 in sanctions against Rascal and Brifman related to Heaven's second motion for terminating sanctions (discussed at number 4 above).

6. Order filed September 16, 2014, granting Heaven's request for reimbursement of transcript costs for four discovery hearings. The court ordered Rascal and Brifman to reimburse Heaven's counsel a total of $1231.75.

7. Order filed October 6, 2014 requiring Rascal and Brifman to pay $7,740 for work performed by the discovery referee.

8. Order filed November 20, 2014 finding that Brifman Corp. had failed to pay prior discovery sanctions and failed to respond to related discovery. The court granted Heaven's motion to compel and awarded sanctions of $1,800 against Brifman Corp.

3

Heaven filed a motion to dismiss the appeal on June 16, 2015, arguing that the sanctions orders were interlocutory and therefore not appealable. Heaven also argued that the appeal was frivolous and therefore sought sanctions. Brifman opposed. We issued an order on August 11, 2015 summarily denying the motion to dismiss and putting the issue of sanctions over for consideration with the merits of the appeal.[3] The parties proceeded to submit their briefs and appellate record. After full consideration of the record and relevant legal authorities, we conclude dismissal is warranted.

## DISCUSSION

### I. Monetary Sanctions Less Than $5,000

Section 904.1 sets forth a list of appealable judgments and orders. Under section 904.1, subdivision (a)(12), an appeal may be taken "[f]rom an order directing payment of monetary sanctions by a party or an attorney for a party if the amount exceeds five thousand dollars ($5,000)." On the other hand, sanctions orders or judgments of $5,000 or less are reviewable on appeal only "after entry of final judgment in the main action, or, at the discretion of the court of appeal, may be reviewed upon petition for an extraordinary writ." (§ 904.1, subd. (b).) No final judgment has been entered in this case, so the orders are directly appealable only if they direct payment of sanctions in excess of $5,000.

Brifman does not dispute that each of the challenged orders, standing alone, falls below the $5,000 threshold for appealability.[4] Further, while Brifman does not argue this point, we note that he may not aggregate the amounts in multiple monetary sanctions orders to meet the threshold. The purpose of section 904.1(a)(12) is to restrict the number of appeals from sanctions orders, and "[t]he very notion of aggregation runs

---

[3] A summary denial of a motion to dismiss an appeal does not "preclude later full consideration of the issue, accompanied by a written opinion, following review of the entire record. . . ." (*Kowis v. Howard* (1992) 3 Cal.4th 888, 900, overruling the contrary holding in *Pigeon Point Ranch, Inc. v. Perot* (1963) 59 Cal.2d 227, 230–231; *accord, Dakota Payphone, LLC v. Alcaraz* (2011) 192 Cal.App.4th 493, 509, fn. 6 [reversing prior order and dismissing appeal upon "review of a complete record and further analysis of the law"].)

[4] The only potential exception is Order 7, discussed further infra.

4

counter to the fundamental restrictive purpose of" the statute. (*Calhoun v. Vallejo City Unified School Dist.* (1993) 20 Cal.App.4th 39, 44.) Aggregation would be particularly inappropriate in a case such as this one, where the challenged orders were issued over the course of eight months and arose from numerous different motions to compel. (See, e.g., *Imuta v. Nakano* (1991) 233 Cal.App.3d 1570, 1584-1585, fns. 19 & 20 [no aggregation where orders "properly regarded as imposing three separate sanctions"]; *Rao v. Campo* (1991) 233 Cal.App.3d 1557, 1569 [dismissing two separate sanctions orders without aggregating]; *Champion/L.B.S. Associates Develop. Co. v. E-Z Serve Petroleum Marketing, Inc.* (1993) 15 Cal.App.4th 56, 59 [no aggregation of multiple orders imposing sanctions for "separate and distinct" conduct].)

Instead, Brifman contends the orders are appealable as final orders on collateral matters. In general, under the one final judgment rule, interlocutory orders are not directly appealable. "'The theory is that piecemeal disposition and multiple appeals in a single action would be oppressive and costly, and that a review of intermediate rulings should await the final disposition of the case.' [Citations.]" (*Griset v. Fair Political Practices Com'n* (2001) 25 Cal.4th 688, 697 (*Griset*).) An exception has been recognized, however, "for a final order on a collateral matter which directs the payment of money. [Citation.]" (*Barton v. Ahmanson Developments, Inc.* (1993) 17 Cal.App.4th 1358, 1360 (*Barton*).)

The collateral order exception is inapplicable here for several reasons. First, except in unusual circumstances, courts have declined to apply the collateral order exception to discovery sanctions. (See, e.g., *Barton, supra*, 17 Cal.App.4th at p. 1360; *Marsh v. Mountain Zephyr, Inc.* (1996) 43 Cal.App.4th 289, 299, fn. 6 ["Discovery sanctions generally are not appealable pursuant to the final collateral order exception to the final judgment rule."]; *Rao v. Campo, supra,* 233 Cal.App.3d at p. 1565 ["Monetary discovery sanction orders have never been and are not considered to be final orders in a collateral matter or proceeding."]; *Brun v. Bailey* (1994) 27 Cal.App.4th 641, 650, superseded by statute on another point.) "Several reasons have been suggested. Discovery sanctions are often combined with orders requiring further discovery, and thus

5

might not be intended by the trial court as the final order on the subject. [Citation.] Furthermore, discovery orders do not involve matters entirely collateral to the underlying case; they promote the production of evidence for use at trial or settlement. In addition, 'Discovery orders in a single lawsuit can be numerous and ongoing and provide limitless fodder for interim appeals.' [Citations.]" (*Barton, supra*, 17 Cal.App.4th at p. 1361.)

Brifman suggests that the sanctions orders were final as to him because Rascal filed a notice of bankruptcy and he withdrew as counsel for Rascal, the only defendant in this matter. Thus, as to him, "the matter was concluded." This contention is not supported by the record. Although Rascal did initiate a bankruptcy proceeding on October 12, 2014, Brifman acknowledges that Heaven subsequently filed a second amended complaint on February 10, 2015 adding "three individuals as the alter ago" of Rascal. And contrary to Brifman's suggestion that the case was stayed following the bankruptcy filing, the trial court's docket shows substantial activity between the end of 2014 and August 2015 (the ending date for the copy provided), including a general denial to the second amended complaint filed by counsel for defendant(s) and numerous discovery motions. Nor is there any evidence supporting Brifman's statement that he withdrew as counsel. On the contrary, as of August 2015, the docket sheet continues to list him as the only attorney for defendant.[5]

As such, from the record before us, it appears that both Brifman and at least one defendant continued to litigate the case. Thus, the discovery orders at issue implicate precisely the type of numerous and ongoing disputes that "provide limitless fodder" for

---

[5] At oral argument, Brifman conceded that he was engaged as counsel for the individual defendants. However, he argued that, at the time he filed this appeal on February 2, 2015, he had withdrawn as counsel for Rascal and had not yet undertaken the representation of any other defendants; thus, he claims that at that time his involvement was finished and the appeal was taken on a collateral matter. But the record does not establish that Brifman was ever out of the case, even temporarily. Although the case docket reflects that a consent to withdraw as counsel was filed by counsel for defendant in October 2014, Brifman has failed to supply the document itself. Moreover, counsel for defendant (presumably Brifman) filed an opposition to Heaven's motion to amend the complaint in January 2015.

6

appeals prior to a final judgment. (*Slemaker v. Woolley* (1989) 207 Cal.App.3d 1377, 1382 [holding that "an order imposing [discovery] sanctions . . . on an attorney currently representing a party in a pending matter is not a separately appealable final order. A contrary holding would defeat the purpose of section 904.1 and encourage multiple appeals in a single action."].) We therefore decline to apply the collateral order exception to the final judgment rule. Because we have no jurisdiction to entertain an appeal from a nonappealable order, (*Griset, supra*, 25 Cal.4th at p. 696), dismissal is required.

We also decline Brifman's request that, in the alternative, we treat his appeal as a petition for writ of mandate. (See *Wells Properties v. Popkin* (1992) 9 Cal.App.4th 1053, 1055 [appeal from nonappealable order should be treated as a writ petition only in the most extraordinary circumstances, """"compelling enough to indicate the propriety of a petition for writ . . . in the first instance"""""].) Brifman has presented no basis to entertain a writ in this case.

## II. Orders Requiring Payment of Referee Fees

Brifman also appeals from two orders requiring him to pay fees related to the appointment of a discovery referee in this matter. Order 6, dated September 16, 2014, granted Heaven's request for reimbursement of $1231.75, the cost of discovery hearing transcripts, and Order 7, dated October 6, 2014, granted the discovery referee's request to be reimbursed in the amount of $7,740 for work performed on the case. Neither order on its face imposes sanctions against Brifman. If sanctions were not imposed, the orders are not appealable under section 904.1, subdivisions (a)(12) or (b). Neither party addresses this issue. In his opening brief on the merits, Brifman simply asserts that all of the orders involve sanctions against him, including Order 6 and 7 related to transcript and referee fees. Heaven only asserts that "each appealed Order is interlocutory and under $5,000;" this statement is incorrect, as Order 7 requires payment of $7,740.

Brifman has failed to establish that Orders 6 and 7 are appealable. A party who appeals from an order must include a statement in the opening brief explaining why that order is appealable. (Rules of Court, rule 8.204(a)(2)(B).) In his opening brief, Brifman states that the "issue of jurisdiction has been briefed already in response to Respondent's

7

Motion to Dismiss." As we have discussed, Brifman's opposition to the motion to dismiss argues only that the orders should be considered as final judgments on collateral matters. Thus, Brifman's briefing is bereft of any citation or explanation of how Orders 6 and 7 might be appealable under section 904.1.

To that extent Brifman argues Order 7 is an appealable "order directing payment of monetary sanctions" under section 904.1(a)(12),[6] he has provided no evidence to support that contention. As noted, neither Order 6 nor Order 7 referred to payment of referee fees or costs as a "sanction," or cited any statutory provisions under which sanctions might issue. The same is true for Order 2, the original order appointing a discovery referee, from which Orders 6 and 7 flow. Specifically, the court issued Order 2 following a hearing on Heaven's motion for terminating and other sanctions.[7] That order first granted the motion to compel in part and imposed monetary sanctions against Brifman Corp. In a separate paragraph, the order appointed a discovery referee "[b]y stipulation of the parties, . . . for all discovery disputes . . ., with Defendant to pay all referee costs." Other than this reference in Order 2 to a stipulation, there is no evidence in the record regarding the genesis of the referee appointment. Neither Heaven's motion for terminating and other sanctions nor Rascal's opposition to that motion mentioned appointment of a discovery referee or which party (and/or attorneys) would bear the costs of such an appointment.

Similarly, Order 7 reiterated the finding that, "[a]t Defendant's request, on May 29, 2014," the court appointed the discovery referee, "with Defendant to pay all referee costs." The order further found that the referee incurred $7,740 in fees on the case but

---

[6] Order 6 does not meet the statutory $5,000 threshold and therefore is nonappealable even if it imposed sanctions against Brifman.

[7] Notably, Brifman has not included a transcript from this hearing or any indication that a transcript was unavailable. Nor has he provided any information regarding what the purported stipulation to the appointment of a discovery referee did or did not include. At oral argument, he argued that the court orders requiring him to pay these fees came "out of the blue," but did not file any objection or opposition to any of the recommendations by the referee that ultimately formed the basis for the court's orders.

8

had not been paid. The order concluded by requiring "[d]efendant and its counsel Brifman Law Corporation" to pay the referee's fees within seven days. There is no further evidence in the record regarding the court's basis for the original order requiring Rascal to pay all referee costs, or its subsequent order requiring both Rascal and Brifman, its counsel, to pay the costs. Brifman only provides the orders themselves, which do not mention sanctions, and instead suggest that the appointment of the referee and the apportionment of fees were a result of a stipulation. Heaven suggests that there was some additional agreement regarding splitting costs reached at a hearing and complains that Brifman improperly omitted the transcript of this hearing from the record. [8]

On this record, Brifman has failed to establish that the challenged orders regarding payment of referee fees and costs were monetary sanctions orders. These orders are therefore not appealable under section 904.1, subdivision (a)(12).[9]

Finally, in light of our original denial of the motion to dismiss, we deny Heaven's request for sanctions in connection with the filing of this appeal.

---

[8] Heaven did not provide us with the transcript or any other evidence.

[9] We also note that the paucity of the record would preclude us from considering the merits of Brifman's claim, as we would have no way to determine whether the court erred if, for example, it had ordered Brifman to pay as an exercise of its powers under section 645.1 or as sanctions under section 128 (see *Taggares v. Superior Court* (1998) 62 Cal.App.4th 94, 103 [under these sections, court may "order 'the parties'—not counsel for the parties—to pay the referee's fees"]; *Andrews v. Superior Court* (2000) 82 Cal.App.4th 779, 782-783 [reversing order requiring attorney to pay such fees as a sanction pursuant to section 128]), or, conversely, had ordered the payment as sanctions for discovery misconduct by Brifman (see *Andrews v. Superior Court*, *supra*, 82 Cal.App.4th at p. 782 ["[i]t may well be that, in a proper case, the burden of [referee's] fees could be placed on an erring attorney under the discovery statute"]).

## DISPOSITION

This appeal is dismissed.  Respondent is awarded its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.

We concur:


EPSTEIN, P. J.


WILLHITE, J.